IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND J. BLY

    Plaintiff

CIVIL ACTION NO. WMN-15-3273

CLERK OF HOWARD COUNTY CIRCUIT
  COURT

    Defendant

\*\*\*\*\*\*

## MEMORANDUM

Self-represented Plaintiff Raymond J. Bly, a Maryland resident, seeks "an injunction against all ruling[s]" in the Circuit Court for Howard County, Maryland, which has appointed a guardian other than Mr. Bly to act on behalf of his wife, Tieng D. Bly. (ECF No. 1). In this and previous proceedings, Mr. Bly states that his wife became ill and temporarily lapsed into a coma. Mr. Bly's request for power of attorney to manage his wife's affairs, filed on August 17, 2015,[1] was denied by the Honorable William V. Tucker, a member of the Circuit Court for Howard County, Maryland.[2] On August 21, 2015, Judge Tucker appointed Barrett R. King, Esq. as Mrs. Bly's guardian.

Because Mr. Bly is not proceeding in forma pauperis, no statutory screening is authorized under the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2). Nevertheless, a district court has inherent authority to dismiss a complaint *sua sponte*. *See Mallard v. United States Dist. Ct.*

---

[1] *See In the Matter of Tieng Doan Bly*, guardianship proceedings, Case No. 13-C-15104672, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=13C15104672&loc=62&detailLoc=CC

[2] Mr. Bly indicates the decision was based on his status as a convicted felon. This Court takes judicial notice that Bly was convicted by the Circuit Court for Howard County, Maryland on May 1, 1988, for child abuse and related charges. The case is not available on Maryland's electronic docket, but is referenced in a memorandum and order issued by this Court denying federal habeas corpus relief. *See Bly v. The Attorney General for the State of Maryland*, Civil Action No. S-00-283 (D. Md.).

*for S.D. of Iowa,* 490 U.S. 296, 307-08, (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron,* 493 Fed. Appx. 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.,* 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte,* even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources").

Mr. Bly's previous attempts to litigate the question of guardianship in this court have been rejected for lack of subject matter jurisdiction. *See Bly v. Tucker,* Civil Action No. GLR-15-2564 (D. Md.), dismissed on September 28, 2015, after consolidation with *Bly v. Tucker,* GLR-15-2565 (D. Md.); *Bly, et al. v. Clerk of Howard County Circuit Court,* Civil Action No. GLR-15-2974 (D. Md.), dismissed October 2, 2015. Framing his latest action as a request for injunctive relief does not change the fact that this Court has limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). Further, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc., v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.,* 298 U.S. 178, (1936)). Furthermore, this Court must presume that a case lies outside its limited

jurisdiction unless and until jurisdiction is shown to be proper. *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Mr. Bly cannot meet this requirement.

Even had the jurisdictional requirement been met, Mr. Bly would not be entitled to emergency injunctive relief under the facts set forth in his Complaint. A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). Mr. Bly's Complaint fails to meet any of these factors.

To the extent Mr. Bly asks this Court to compel certain actions by the state and/or its agents, his action is akin to a petition for a writ of mandamus. *See* 28 U.S.C. § 1361. Federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, a federal district court has no mandamus jurisdiction over state employees, and cannot compel the Maryland state courts to dismiss guardianship proceedings or appoint Mr.

Bly as his wife's guardian. *See e.g., Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 586-87 (4th Cir. 1969).

Accordingly, the Complaint will be dismissed and injunctive relief denied. A separate Order follows.

<table>
<tr><td>__11/2/15__<br>Date</td><td>_____/s/_____<br>William M. Nickerson<br>Senior United States District Judge</td></tr>
</table>